UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL RAY SENN,**

   Petitioner,

v.                                **No. 4:23-cv-187-P**

**BOBBY LUMPKIN, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Michael Ray Senn under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## BACKGROUND

Petitioner was convicted of sexual assault and prohibited sexual conduct with a person he was prohibited from marrying or purporting to marry or living under the appearance of being married[1] and sentenced to life imprisonment under Case No. 1308222R in the 213th District Court, Tarrant County, Texas. ECF No. 10-40 at 6–8. Petitioner appealed and his judgment and sentence were affirmed. *Senn v. State*, No. 02-15-00201-CR, 2020 WL 6065926 (Tex. App.—Fort Worth Oct. 15, 2020, pet ref'd). On May 12, 2021, the Court of Criminal Appeals of Texas ("CCA") refused his petition for discretionary review. *Id*.

On September 30, 2022, Petitioner filed his state application for writ of habeas corpus. ECF No. 10-41 at 15–35. On February 22, 2023, the

---

[1] Petitioner sexually assaulted and impregnated his adult biological daughter while he was married to her stepmother.

CCA denied the application without written order on the findings of the trial court and on the CCA's own independent review. ECF No. 10-41, Action taken.

On February 23, 2023, Petitioner filed his federal habeas application. He asserts two grounds in support: (1) Petitioner was denied equal protection under the 14th Amendment because he received an increased penalty under TEX. PENAL CODE § 22.011(f) based solely on marital status; and (2) The penalty provision under § 22.011(f) was unconstitutionally vague as applied to Petitioner in violation of his right to due process under the 5th and 14th Amendments. ECF No. 1 at 6.

## STANDARD OF REVIEW

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## ANALYSIS

Petitioner raised the grounds he asserts here in his state court appeal.[2] The appellate court thoroughly considered and discussed the grounds and determined that they were without merit. The CCA denied the petition for review. The appellate court's discussion, which is the last reasoned opinion,[3] is recited verbatim in Respondent's brief. ECF No. 9 at 7–12 (quoting *Senn*, 2020 WL 6065926, at *5–*8). The analysis need not be repeated here. The statute Petitioner attacks, TEX. PENAL CODE § 22.011(f), is neither unconstitutionally vague nor violative of equal protection as applied to him. Petitioner has not shown, much less made any attempt to show, that the state court adjudication was incorrect in any respect. He certainly has not met his burden under § 2254(d).

## CONCLUSION

For the reasons discussed, the petition is **DENIED**.

---

[2] He also raised these grounds in his state habeas application, and they were rejected.

[3] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **13th day** of **June 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE